# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUFFALO PATENTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RINGCENTRAL, INC.<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Buffalo Patents, LLC ("Buffalo Patents" or "Plaintiff") files this original complaint against Defendant RingCentral, Inc. ("RingCentral" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.  Buffalo Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 1200 Silver Hill Dr., Austin, Texas, 78746.

2.  Defendant RingCentral, Inc. is a corporation organized and existing under the laws of the State of Delaware. RingCentral, Inc. may be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

3.  RingCentral offers cloud-based communications solutions and describes itself as a "leading provider of global enterprise cloud communications, video meetings, collaboration, and

contact center software-as-a-service ('SaaS') solutions."[1]  One of RingCentral's key products is the RingCentral Video social platform, which is a "video meeting solution with team messaging that enables smart video meetings."[2]

## JURISDICTION AND VENUE

4. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

5. This Court has personal jurisdiction over RingCentral because it is organized under the laws of Delaware.

6. Venue is proper in this district as to RingCentral under 28 U.S.C. § 1400(b).  RingCentral is incorporated in the State of Delaware, so it resides in this district.

## BACKGROUND

7. The patent-in-suit generally relates to an improved method and system of managing conference calls.  The patented technology allows communities of individuals to initiate, join, and participate in conference calls.  In particular, members of a community (even unknown to one another) can meet and collaborate in a freeform and unscheduled way, and yet "retain collective and individual degrees of organizational control," such as through providing conference call data, designation of users as "speakers," limiting the time a user is permitted to speak, etc.

---

[1] RingCentral, Inc's Form 10-K at 4 (2021), https://s24.q4cdn.com/639777509/files/doc_financials/2021/ar/d70a5012-30de-4271-a8f2-778056fd68b5-(1).pdf.

[2] *Id.* at 5.

8. The technology disclosed by the patent-in-suit was developed by award-winning software developers, known especially for game and graphic design. Since the 1980s, Jordan Weisman has worked on and created interactive entertainment software, including a plethora of role-playing and alternative reality games. Mr. Weisman has earned more than 100 awards throughout his career and, in 2003, he was selected as the Pacific Northwest Entrepreneur of the Year by Ernst & Young. Elan Lee is best known as a designer of computer games, and has had extensive experience with creating interactive programming for audiences. He has also won much acclaim, including multiple industry awards for design and innovation. Bill Redmann is an engineer who has worked on creating virtual reality technologies, including the design of interactive technologies, since the 1980s. Mr. Redmann is a named inventor on over 70 patents.

9. The invention disclosed in the patent-in-suit has been cited during patent prosecution nearly 300 times and multiple times by electronics companies, including Alcatel-Lucent, Amazon, Apple, AT&T, Avaya, Blackberry, Canon, Cisco, Dolby, Ericsson, Fujitsu, Google, IBM, Hewlett-Packard, Infineon, Intel, Lenovo, LG Electronics, Microsoft, Motorola Solutions, Nokia, Nortel Networks, Palm, Panasonic, Qualcomm, Samsung, Sharp Labs, Siemens, Sony, Sprint, T-Mobile, Verizon, and Vodafone.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,839,417

10. On January 4, 2005, United States Patent No. 6,839,417 ("the '417 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and Apparatus for Improved Conference Call Management." A true and correct copy of the '417 Patent is attached as Exhibit A.

11. Buffalo Patents is the owner of the '417 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '417 Patent against infringers, and to collect damages for all relevant times.

12. RingCentral made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Video Meetings social platform and other products and/or services that allow users to set up and join a conference call, and receive a list of available conference calls ("accused products"):



**Source**: https://www.ringcentral.com/video.html

13. By doing so, RingCentral has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 38 of the '417 Patent. RingCentral's infringement in this regard is ongoing.

14. RingCentral's Video Meetings platform is an exemplary accused product.

15. RingCentral has infringed the '417 Patent by using the accused products and thereby practicing a method for a selecting participant to access a conference call.

16. For example, RingCentral's Video Meetings is a cloud-based communications platform that allows a user to set up and/or join conference calls. RingCentral's Video Meetings platform allows a user to create multiple meetings ("conference call"). A user ("selecting participant") can access the available scheduled meetings.



**Source:** https://www.ringcentral.com/video.html



**Source:** https://www.youtube.com/watch?v=dzUdkHS6-Tw (00:31)

17.     The method practiced using the accused products includes the step of providing to the selecting participant a list of conference call data representing a subset of conference calls available.

18.     For example, RingCentral's Video Meetings is a cloud-based communications platform that allows a user to set up and/or join conference calls.  RingCentral's Video Meetings platform allows a user to create meetings.  A user can select and join a meeting from a list of scheduled meetings.  These scheduled meetings can include information, such as title of the meeting, topic of the meeting, interval of the meeting, etc. ("conference call data").  A user ("selecting participant") is also provided a list of available scheduled meetings ("representing a subset of conference calls").



**Source:** https://www.youtube.com/watch?v=dzUdkHS6-Tw (00:31)

19. The method practiced using the accused products includes the step of receiving from a selecting participant, a designation of the conference call from the list.

20. For example, RingCentral's Video Meetings is a cloud-based communications platform that allows a user to set up and/or join conference calls. RingCentral's Video Meetings platform allows a user to select and join a meeting from a list of scheduled meetings. When a user starts a meeting, the user is provided the option to join the meeting with or without audio. As one example, RingCentral's Video Meetings platform enables a user ("selecting participant") to choose the option, "Continue without audio" when joining the meeting. The conference servers of RingCentral's Video Meetings platform receive an indication that the user will only be able to view or monitor ("designation") the meeting.



**Source:** https://www.youtube.com/watch?v=dzUdkHS6-Tw (00:31)



**Source:** https://www.youtube.com/watch?v=OBKYsADyTnw (0:22)



**Source:** https://www.youtube.com/watch?v=OBKYsADyTnw (1:16) (when joining with the "Continue without audio" option).

21. The method practiced using the accused products includes the step of granting access to the selecting participant into the conference call as a participant.

22. For example, RingCentral's Video Meetings is a cloud-based communications platform that allows a user to set up and/or join conference calls. RingCentral's Video Meetings platform allows a user to select and join a meeting from a list of scheduled meetings. When a user starts a meeting, the user is provided the option to join the meeting with or without audio. As one example, RingCentral's Video Meetings platform enables a user ("selecting participant") to choose the option, "Continue without audio" when joining the meeting. The conference servers of RingCentral's Video Meetings platform receive an indication that the user will only be able to view or monitor ("designation") the meeting. The user is then granted access as a participant and will only be able to view or monitor the meeting. As a participant, the user cannot talk to other participants.

9



**Source:** https://www.youtube.com/watch?v=dzUdkHS6-Tw (00:31)



**Source:** https://www.youtube.com/watch?v=OBKYsADyTnw (0:22)

23.     The citations below show that the user interface (UI) can differ depending on whether a user joins a meeting with the "Continue without audio" option or the "Join audio by

10

computer" option.  Accordingly, a participant is granted access to a conference call depending on the selected designation.



**Source:** https://www.youtube.com/watch?v=OBKYsADyTnw (1:16) (when joining with the "Continue without audio" option).

11



**Source:** https://www.youtube.com/watch?v=OBKYsADyTnw (1:30) (when joining with the "Join audio by computer" option).

24.     RingCentral has directly infringed at least through its use of the accused products through its own testing of the accused products, and through joint infringement with its affiliates, with its subsidiaries, with its business partners, with other agents of RingCentral, and/or with its customers and end-users, at least using the claimed method.  Such acts of infringement include directing or controlling other persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit from doing so.  RingCentral's direction or control of its affiliates and end-users includes regularly contracting with those affiliates and end-users.  Also, as explained further below, RingCentral took active steps and advised or directed customers and end-users to use the accused products in an infringing manner.  *See, e.g.*, *supra* ¶¶ 18, 20, 22.

25. RingCentral has had knowledge of the '417 Patent at least as of the date when it was notified of the filing of this action, and as early as February 2, 2022, when RingCentral received a letter from Buffalo notifying it of the '417 Patent.

26. Buffalo Patents has been damaged as a result of the infringing conduct by RingCentral alleged above. Thus, RingCentral is liable to Buffalo Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27. Buffalo Patents has neither made nor sold unmarked articles that practice the '417 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '417 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT

28. RingCentral has also indirectly infringed the '417 Patent by inducing others to directly infringe the '417 Patent.

29. RingCentral has induced the end users and/or RingCentral's customers to directly infringe (literally and/or under the doctrine of equivalents) the '417 Patent by using the accused products.

30. RingCentral took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the '417 Patent, including, for example, Claim 38 of the '417 Patent.

31. Such steps by RingCentral included, among other things, advising or directing customers, end users, and others to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing

instructions that guide users to use the accused products in an infringing manner. Examples of the steps RingCentral has taken include the following:[3]



**Source:** https://www.ringcentral.com/video.html

32.     RingCentral performed these steps, which constitute joint and/or induced infringement, with the knowledge of the '417 Patent and with the knowledge that the induced acts constitute infringement.

---

[3] *See also supra* ¶¶ 18, 20, 22.

33. RingCentral was and is aware that the normal and customary use of the accused products by RingCentral's customers would infringe the '417 Patent. RingCentral's inducement is ongoing.

34. RingCentral has also indirectly infringed by contributing to the infringement of the '417 Patent. RingCentral has contributed to the direct infringement of the '417 Patent by the end user of the accused products.

35. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '417 Patent, including, for example, Claim 38 of the '417 Patent.

36. The special features include, for example, hardware and/or software features that provide a participant in a conference call with a list of available conference calls, used in a manner that infringes the '417 Patent.

37. These special features constitute a material part of the invention of one or more of the claims of the '417 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

38. RingCentral's contributory infringement is ongoing.

39. RingCentral has had actual knowledge of the '417 Patent at least as of the date when it was notified of the filing of this action, and as early as February 2, 2022, when RingCentral received a letter notifying it of the '417 Patent. Since at least that time, RingCentral has known the scope of the claims of the '417 Patent, the products that practice the '417 Patent, and that Buffalo Patents is the owner of the '417 Patent.

40. By the time of trial, RingCentral will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '417 Patent.

41. RingCentral's customers have infringed the '417 Patent. RingCentral encouraged its customers' infringement.

42. RingCentral's direct and indirect infringement of the '417 Patent has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of Buffalo Patents' rights under the patent-in-suit.

43. Buffalo Patents has been damaged as a result of RingCentral's infringing conduct alleged above. Thus, RingCentral is liable to Buffalo Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Buffalo Patents hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Buffalo Patents requests that the Court find in its favor and against RingCentral, and that the Court grant Buffalo Patents the following relief:

a. Judgment that one or more claims of the '417 Patent have been infringed, either literally and/or under the doctrine of equivalents, by RingCentral and/or all others acting in concert therewith;

b. A permanent injunction enjoining RingCentral and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '417 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '417 Patent by such entities;

  c. Judgment that RingCentral account for and pay to Buffalo Patents all damages to and costs incurred by Buffalo Patents because of RingCentral's infringing activities and other conduct complained of herein, including an award of all increased damages to which Buffalo Patents is entitled under 35 U.S.C. § 284;

  d. That Buffalo Patents be granted pre-judgment and post-judgment interest on the damages caused by RingCentral's infringing activities and other conduct complained of herein;

  e. That this Court declare this an exceptional case and award Buffalo Patents its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  f. That Buffalo Patents be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: October 11, 2022 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Matthew J. Antonelli | */s/ Michael J. Farnan* |
| Zachariah S. Harrington | Brian E. Farnan (Bar No. 4089) |
| Larry D. Thompson, Jr. | Michael J. Farnan (Bar No. 5165) |
| Christopher Ryan Pinckney | 919 N. Market St., 12th Floor |
| Rehan M. Safiullah | Wilmington, DE 19801 |
| matt@ahtlawfirm.com | Tel: (302) 777-0300 |
| zac@ahtlawfirm.com | Fax: (302) 777-0301 |
| larry@ahtlawfirm.com | bfarnan@farnanlaw.com |
| ryan@ahtlawfirm.com | mfarnan@farnanlaw.com |
| rehan@ahtlawfirm.com | |
| ANTONELLI, HARRINGTON & THOMPSON LLP | |
| 4306 Yoakum Blvd., Ste. 450 | |
| Houston, TX 77006 | |
| (713) 581-3000 | *Attorneys for Buffalo Patents, LLC* |